UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 17 C 4563 |
| SAGAR MEGH CORPORATION, STATE | ) | |
| BANK OF TEXAS,  REED SMITH, LLP, | ) | Judge |
| CITY OF CHICAGO,  COOK COUNTY | ) | |
| BOARDUP, INC.,  UNKNOWN OWNERS, | ) | |
| and  NON-RECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR FORECLOSURE

The United States of America, by Joel R. Levin, Acting United States Attorney for the

Northern District of Illinois, for and on behalf of the Small Business Administration, for its

complaint against the defendants Sagar Megh Corporation, State Bank of Texas, Reed Smith,

LLP, City of Chicago, Cook County Boardup, Inc., unknown owners, and non-record claimants

states as follows:

1.       This court has jurisdiction under 28 U.S.C. § 1345. The United States is plaintiff

and the property that is the subject of this action is situated within the Northern District of

Illinois.

2.       Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b).

3.       The United States brings this action for foreclosure under 735 ILCS 5/15-1101 e*t*

*seq*.

4.       On or about March 11, 2004, Sagar Megh Corporation borrowed the sum of

$413,000 from the Small Business Administration (SBA). As evidence of the loan and

indebtedness Sagar Megh Corporation made, executed, and delivered to SBA its promissory note dated March 11, 2004, in the original amount of $413,000 (Note). A copy of the Note is attached as Exhibit A.

5.      As security for repayment of the Note, Sagar Megh Corporation granted SBA a mortgage dated March 11, 2004 to real estate located in Cook County, Illinois, commonly known as 9101 South Stony Island Ave., Chicago, Illinois, and legally described as follows:

> LOTS 15 TO 24 INCLUSIVE IN BLOCK 1 IN STIRNS ADDITION TO STONY ISLAND HEIGHTS BEING A SUBDIVISION OF BLOCK 1, THE NORTH HALF OF BLOCK 12 AND THE SOUTH HALF OF BLOCK 12 (EXCEPT THE EAST 166 FEET THEREOF) IN STONY ISLAND HEIGHTS SUBDIVISION IN THE SOUTHWEST ¼ OF SECTION 01, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

> Common Address:  9101 South Stony Island Ave., Chicago, Illinois ("subject property")

> PIN: 25-01-300-053-0000

The mortgage was recorded in the Office of the Recorder of Deeds of Cook County, Illinois, on March 11, 2004, as Document No. 0407118101.  A copy of the mortgage is attached as Exhibit B.

6.      SBA is the owner and holder of the mortgage on the subject property.

7.      On or about April 1, 2011, Sagar Megh Corporation defaulted and failed to make payments of installments due under the terms of the Note, and by virtue of these defaults, the maturity of the Note has been accelerated, and the entire balance of principal and interest has been declared due and payable.

8.      There is now due and owing to the United States the principal sum of $316,783.34 with accrued interest and tax expenses in the amount of $104,181.12, as of June 5, 2017, with interest thereafter accruing at the rate of $45.60 per day and all costs and expenses of this action

and such other amounts as the United States may be required to expend for the care and preservation of its collateral and its lien thereon. A copy of the payoff figures is attached as Exhibit C.

9.     Demand for payment of the indebtedness has been made upon the defendant Sagar Megh Corporation, which has failed to make payment thereof, and accordingly the United States brings this action for foreclosure of its mortgage against the defendant.

10.     The property previously contained a commercial building that has burned down. The property is now vacant and abandoned. SBA is in a first lien position with its mortgage on the subject property.  SBA's lien position on the subject property is superior to all other defendants, including but not limited to: Sagar Megh Corporation, State Bank of Texas, Reed Smith, LLP, City of Chicago, and Cook County Boardup, Inc.

11.     In addition to the above-named defendants, there are other persons who may be interested in this action or who may have or claim some interest in the subject property and whose rights and interests are sought to be terminated, and whose names or interests, as of the filing of this action and the recording of a lis pendens notice are not disclosed of record within the meaning of 735 ILCS 5/15-1210, and whose claim or interest may be that of: (1) judgment creditor; (2) beneficiary under a trust who is not in actual possession of all or part of the subject property or; (3) a mechanics' lien claimant; and all such persons are therefore made parties defendant to this action by the name and description: "NONRECORD CLAIMANTS";  but the interests of said parties, if any, are subject, inferior and subordinate to the lien of the United States' mortgage being foreclosed.

12.     There may be other persons who are interested in this action, who have or claim

3

to have some right, title, interest, or lien, to or upon the mortgage, or some part thereof, in this complaint, that the name of each of such other person is unknown to the United States and on diligent inquiry cannot be ascertained, and all such other persons are therefore made parties defendant to this action by the name and description of "UNKNOWN OWNERS" but the interests of said parties, if any, are subject, inferior and subordinate to the lien of the United States' mortgage being foreclosed herein.

WHEREFORE, plaintiff, United States of America, prays:

A.     For a judgment to foreclose its subject mortgage, in accordance with the provisions of 735 ILCS 5/15-1101 et seq. and 28 USC 2410 (a);

B.     That the amounts due to plaintiff United States pursuant to the note, together with all its costs, title expenses, disbursements for the care and preservation of the property, taxes and insurance be determined and adjudged;

C.     That the court find and adjudge that the United States has a valid and subsisting lien upon all of the property covered by the mortgage for the amounts found to be due the United States, and prior and superior to the claims or interest, if any, of the defendants;

D.     That the court find and adjudge that the defendants named or described herein and all persons claiming by, through and under them subsequent to the commencement of this action are forever barred and foreclosed of all title, lien, claim, interest, and statutory right and equity of redemption, if any, in and to the mortgaged estate;

E.     That if no such lawful redemption is made, all of the property covered by the mortgage be sold by the United States Marshal and that out of the proceeds of sale the United States be paid the amount due on the note and mortgage, and also such moneys as the United

4

States may expend for taxes, insurance premiums, title costs or other necessary actions to carry out the covenants contained in the note and mortgage, together with the costs of this action, with interest on the sum due as allowed by law to the date of sale;

G.    That the United States Marshal in his discretion be authorized to employ an auctioneer to conduct such sale or sales;

H.    That SBA can bid for such mortgaged property, or any part of it, at such sale and purchase and pay for it with the indebtedness found to be due the United States, or any part of it, the indebtedness to be credited with the amount bid by SBA;

I.    That upon the sale of the mortgaged property, a Marshal's certificate of sale or deed, as applicable, be issued according to law to the purchaser at said sale;

J.    That if the amount paid to the United States from proceeds of the foreclosure sale is insufficient to pay in full the sums due the United States under the judgment order, then a judgment be entered against defendant Sagar Megh Corporation for the amount of the deficiency;

K.    That the court find any and all rights of redemption of the owner(s) of redemption have been waived in accordance with 735 ILCS 5/15-1603;

L.    That the court find that the period of redemption of the owner(s) of redemption, shall be reduced in accordance with 735 ILCS 5/15-1603;

M.    That the defendants be enjoined from committing waste upon the premises or doing any other act that may impair the value of same at any time during the pendency of these proceedings;

N.    That the United States may have such other and further relief as may be equitable

and just, including declaratory and injunctive relief.

                              Respectfully submitted,

                              JOEL R. LEVIN
                              Acting United States Attorney

                              By: s/ Kate R. O'Loughlin
                                 KATE R. O'LOUGHLIN
                                 Special Assistant United States Attorney
                                 500 W. Madison St., Suite 1150
                                 Chicago, Illinois 60661
                                 (312) 353-9098
                                 kate.oloughlin@sba.gov