U. S. SMALL BUSINESS ADMINISTRATION

NOTE

(CDC/504 LOANS)

| | |
|---|---|
| SBA LOAN # | 4002 |
| SBA LOAN NAME | SEVILLE MOTEL |
| DATE | MARCH 11, 2004 |
| LOAN AMOUNT | $ 413,000.00 |
| BORROWER | SAGAR MEGH CORPORATION |
| OPERATING COMPANY | SEVILLE MOTEL |
| CDC | SOMERCOR 504, INC. 05644 |

| | | | |
|---|---|---|---|
| FUNDING DATE: | MAY 12, 2004 | * INTEREST RATE: | 5.25418 % |
| FIRST PAYMENT DUE: | JUNE 01, 2004 | * P&I AMOUNT: | $ 2,779.49 |
| NOTE MATURITY DATE: | MAY 01, 2024 | * MONTHLY PAYMENT: | $ 3,235.51 |

(* BLANK AT SIGNING)

1. PROMISE TO PAY:

   IN RETURN FOR THE LOAN, BORROWER PROMISES TO PAY TO THE ORDER OF CDC THE AMOUNT OF
   FOUR HUNDRED THIRTEEN THOUSAND AND NO/100 DOLLARS, INTEREST ON THE UNPAID PRINCIPAL BALANCE, THE FEES SPECIFIED IN THE SERVICING AGENT AGREEMENT, AND ALL OTHER AMOUNTS REQUIRED BY THIS NOTE.

2. DEFINITIONS:

   "COLLATERAL" MEANS ANY PROPERTY TAKEN AS SECURITY FOR PAYMENT OF THIS NOTE OR ANY GUARANTEE OF THIS NOTE.

   "DEBENTURE" MEANS THE DEBENTURE ISSUED BY CDC TO FUND THE LOAN.

   "GUARANTOR" MEANS EACH PERSON OR ENTITY THAT SIGNS A GUARANTEE OF PAYMENT OF THIS NOTE.

   "LOAN" MEANS THE LOAN EVIDENCED BY THIS NOTE.

   "LOAN DOCUMENTS" MEANS THE DOCUMENTS RELATED TO THIS LOAN SIGNED BY BORROWER, GUARANTOR, OR ANYONE WHO PLEDGES COLLATERAL.

   "SBA" MEANS THE SMALL BUSINESS ADMINISTRATION, AN AGENCY OF THE UNITED STATES OF AMERICA.

   "SERVICING AGENT AGREEMENT" MEANS THE AGREEMENT BETWEEN THE BORROWER AND THE CDC THAT, AMONG OTHER THINGS, APPOINTS A SERVICING AGENT ("SERVICING AGENT") FOR THIS NOTE.

SBA FORM (1505) CONFORMED COPY       -1-      CDC NUMBER: 05644


EXHIBIT A



U.S. Small Business Administration

# NOTE
## (CDC/504 LOANS)

| SBA Loan # | CDC             40-02-IL | |
|---|---|---|
| SBA Loan Name | Seville Motel | |
| Date | March 11, 2004 | |
| Loan Amount | $ 413,000.00 | |
| Borrower | Sagar Megh Corporation | |
| Operating Company | n/a | |
| CDC | SomerCor 504 Inc. | 05-644 |

Funding Date: May 12, 2004     * Interest Rate: _____ %

First Payment Due: June 01, 2004     * P&I Amount: $ _____

Note Maturity Date: May 01, 2024     * Monthly Payment: $ _____

                                                                                                    ( * blank at signing )

1. **PROMISE TO PAY:**

   In return for the Loan, Borrower promises to pay to the order of CDC the amount of **Four Hundred Thirteen Thousand and no/100** Dollars, interest on the unpaid principal balance, the fees specified in the Servicing Agent Agreement, and all other amounts required by this Note.

2. **DEFINITIONS:**

   "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.

   "Debenture" means the debenture issued by CDC to fund the Loan.

   "Guarantor" means each person or entity that signs a guarantee of payment of this Note.

   "Loan" means the loan evidenced by this Note.

   "Loan Documents" means the documents related to this loan signed by Borrower, Guarantor, or anyone who pledges collateral.

   "SBA" means the Small Business Administration, an Agency of the United States of America.

   "Servicing Agent Agreement" means the agreement between the Borrower and the CDC that, among other things, appoints a servicing agent ("Servicing Agent") for this Note.

3. INTEREST RATE AND PAYMENTS:

The terms of the Debenture sale will establish the interest rate, P & I amount, and Monthly Payment for this Note. Borrower acknowledges that these terms are unknown when Borrower signs this Note.

    A. Once established, the interest rate is fixed. Interest begins to accrue on the Funding Date.
    B. Monthly Payments are due on the first business day of each month, beginning on the First Payment Due and continuing until the Note Maturity Date, when all unpaid amounts will be due. Borrower must pay at the place and by the method the Servicing Agent or CDC designates. The Monthly Payment includes the monthly principal and interest installment (P & I Amount), and the monthly fees in the Servicing Agent Agreement. The Servicing Agent will apply regular Monthly Payments in the following order: 1) monthly fees, 2) accrued interest, and 3) principal.

4. LATE-PAYMENT FEE:

CDC charges a late fee if the Servicing Agent receives a Monthly Payment after the fifteenth day of the month when it is due. The late fee is five percent of the payment amount, or $100.00, whichever is greater. The late fee is in addition to the regular Monthly Payment.

5. RIGHT TO PREPAY:

Borrower may prepay this Note in full on a specific date each month set by the Servicing Agent. Borrower may not make partial prepayments. Borrower must give CDC at least 45 days' prior written notice. When it receives the notice, CDC will give Borrower prepayment instructions. At least 10 days before the payment date, Borrower must wire a non-refundable deposit of $1,000 to the Servicing Agent. The Servicing Agent will apply the deposit to the prepayment if Borrower prepays. In any prepayment, Borrower must pay the sum of all of the following amounts due and owing through the date of the next semi-annual Debenture payment:

    A. Principal balance;
    B. Interest;
    C. SBA guarantee fees;
    D. Servicing agent fees;
    E. CDC servicing fees;
    F. Late fees;
    G. Expenses incurred by CDC for which Borrower is responsible; and
    H. Any prepayment premium.

6. PREPAYMENT PREMIUM:

If Borrower prepays during the first half of the Note term, Borrower must pay a prepayment premium. The formula for the prepayment premium is specified in the Debenture and may be obtained from CDC.

7. DEFAULT:

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

    A. Fails to do anything required by this Note and other Loan Documents;
    B. Defaults on any other loan made or guaranteed by SBA;
    C. Does not preserve or account to CDC's satisfaction for any of the Collateral or its proceeds;
    D. Does not disclose, or anyone acting on their behalf does not disclose, any material fact to CDC or SBA;
    E. Makes, or anyone acting on their behalf makes, a materially false or misleading representation to CDC or SBA;
    F. Defaults on any loan or agreement with another creditor, if CDC believes the default may materially affect Borrower's ability to pay this Note;
    G. Fails to pay any taxes when due;
    H. Becomes the subject of a proceeding under any bankruptcy or insolvency law;
    I. Has a receiver or liquidator appointed for any part of their business or property;
    J. Makes an assignment for the benefit of creditors;
    K. Has any adverse change in financial condition or business operation that CDC believes may materially affect Borrower's ability to pay this Note;

Case: 1:17-cv-04563 Document #: 1-1 Filed: 06/19/17 Page 4 of 16 PageID #:7

L. Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without CDC's prior written consent, except for ownership changes of up to 5 percent beginning six months after the Loan closes; or

M. Becomes the subject of a civil or criminal action that CDC believes may materially affect Borrower's ability to pay this Note.

8. **CDC'S RIGHTS IF THERE IS A DEFAULT:**

Without notice or demand and without giving up any of its rights, CDC may:
   A. Require immediate payment of all amounts owing under this Note;
   B. Collect all amounts owing from any Borrower or Guarantor;
   C. File suit and obtain judgement;
   D. Take possession of any Collateral; and
   E. Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

9. **CDC'S GENERAL POWERS:**

Without notice and without Borrower's consent, CDC may:
   A. Bid or buy at any sale of Collateral by Lender or another lienholder, at any price it chooses;
   B. Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If CDC incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;
   C. Release anyone obligated to pay this Note;
   D. Compromise, release, renew, extend or substitute any of the Collateral; and
   E. Take any action necessary to protect the Collateral or collect amounts owing on this Note.

10. **FEDERAL LAW:**

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. CDC or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

11. **SUCCESSORS AND ASSIGNS:**

Under this Note, Borrower and Operating Company include the successors of each, and CDC includes it successors and assigns.

12. **GENERAL PROVISIONS:**
   A. All individuals and entities signing this Note are jointly and severally liable.
   B. Borrower authorizes CDC, the Servicing Agent, or SBA to complete any blank terms in this Note and any other Loan Documents. The completed terms will bind Borrower as if they were completed prior to this Note being signed.
   C. Borrower waives all suretyship defenses.
   D. Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable CDC to acquire, perfect, or maintain CDC's liens on Collateral.
   E. CDC may exercise any of its rights separately or together, as many times and in any order it chooses. CDC may delay or forgo enforcing any of its rights without giving any up.
   F. Borrower may not use any oral statement to contradict or alter the written terms of, or raise a defense to, this Note.
   G. If any part of this Note is unenforceable, all other parts remain in effect.
   H. To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that CDC did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.

13. STATE-SPECIFIC PROVISIONS:

NONE

14. BORROWER'S NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated under this Note as Borrower.

Sagar Megh Corporation

By: _____
Dipak Patel, President

ASSIGNMENT: CDC assigns this Note to SBA.
SomerCor 504 Inc.

By: _____ Date: 3/11/04

Typed Name: Brian K. Comiskey, Vice President _____, authorized officer of CDC.

Attest: _____

SBA Form 1505 (10/98) Previous editions obsolete

Page 5/5

PREPARED BY:

J. Russell Lenich
SomerCor 504, Inc.
Two E. 8th Street
Chicago, IL 60605



Doc#: 0407118100
Eugene "Gene" Moore Fee: $34.50
Cook County Recorder of Deeds
Date: 03/11/2004 01:01 PM Pg: 1 of 6

WHEN RECORDED MAIL TO:

J. Russell Lenich
SomerCor 504, Inc.
Two E. 8th Street
Chicago, IL 60605

SPACE ABOVE THIS LINE FOR RECORDERS USE ONLY

## MORTGAGE

This MORTGAGE is made and entered into as of this 11th day of March, 2004, by and between Sagar Megh Corporation (hereinafter referred to as Mortgagor) and SOMERCOR 504, INC. (hereinafter referred to as Mortgagee), who maintains an office and place of business at Two East 8th Street, Chicago, Illinois 60605.

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, its successors and assigns, all of the property legally described in Exhibit A, situated and being in the County of Cook, State of Illinois, free from all rights and benefits under and by virtue of the homestead exemption laws; together with and including all buildings, all fixtures including by not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder); To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The mortgagor covenants that she/he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that she/he binds herself/himself and her/his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment or guaranty of payment of a promissory note dated of even date herewith in the principal sum of $413,000.00.

Said promissory note was given to secure a loan in which the Small Business Administration, an agency of the United States of America, has participated. In compliance with section 101.106.B of the Rules and Regulations of the Small Business Administration [13CFR101.106.B], this instrument is to be construed and enforced in accordance with applicable Federal law.



EXHIBIT B

1. The mortgagor covenants and agrees as follows:

    a) She/he will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.
    b) She/he will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefore to the said mortgagee.
    c) She/he will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said property. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.
    d) For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, she/he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.
    e) The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of the payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.
    f) She/he will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums thereof. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.
    g) She/he will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payments shall be immediately due and payable; and shall be secured by the lien of this mortgage.
    h) She/he will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, that she/he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.
    i) She/he will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

j) All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

k) The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2. Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or its assignees (it being agreed that the mortgagor shall have such right until default). Upon such default, the mortgagee shall become the owner of all the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent.

3. The mortgagor covenants and agrees that if she/he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or its assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

(I) at judicial sale pursuant to the provisions of 28USC2002(a); or

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal, county, or city courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity of right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinbefore provided, the mortgagor or any persons in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4. The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the

indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5. In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the deficiency without regard to appraisement.

6. In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee or other expense charged against the property, the mortgagee is hereby authorized at its option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7. The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

8. No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

10. Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at 9101 South Stony Island Ave., Chicago, IL 60619 and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at 500 W. Madison, Suite 1250, Chicago, Illinois 60661.

11. Mortgagor on behalf of herself/himself and each and every person claiming by, through or under mortgagor, hereby waives any and all rights of redemption, statutory or otherwise, without prejudice to mortgagee's right to any remedy, legal or equitable, which mortgagee may pursue to enforce payment or to effect collection of all or any part of the indebtedness secured by this mortgage, and without prejudice to mortgagee's right to a deficiency judgment or any other appropriate relief in the event of foreclosure of this mortgage.

12. Mortgagor hereby releases and waives all rights under and by virtue of the homestead exemption laws of this state.

13. The Loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners. If the United States is seeking to enforce this document, then under SBA regulations:

    a) When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law.
    b) CDC or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using these procedures, SBA does not waive any federal immunity from local or state control, penalty, tax or liability. No Borrower or Guarantor may claim or assert against SBA any local or State law to deny any obligation of Borrower, or defeat any claim of SBA with respect to this Loan.

Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by this instrument.

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

Sagar Megh Corporation

By: _____
Dipak Patel
President

(Add Appropriate Acknowledgement)

STATE OF ILLINOIS  )
                   )
COUNTY OF Cook     )

The undersigned, a notary public in and for said County, in the State aforesaid, does hereby certify that Dipak Patel, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and severally acknowledged that he signed and delivered the said instrument as his free and voluntary act for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and notarial seal this 11th day of March, 2004

_____

My Commission Expires: 1/6/07

"OFFICIAL SEAL"
David Frank
Notary Public, State of Illinois
My Commission Exp. 01/06/2007

EXHIBIT A-LEGAL DESCRIPTION

LOTS 15 TO 24 INCLUSIVE IN BLOCK 1 IN STIRNS ADDITION TO STONY ISLAND HEIGHTS BEING A SUBDIVISION OF BLOCK 1, THE NORTH HALF OF BLOCK 12 AND THE SOUTH HALF OF BLOCK 12 (EXCEPT THE EAST 166 FEET THEREOF) IN STONY ISLAND HEIGHTS SUBDIVISION IN THE SOUTHWEST 1/4 OF SECTION 01, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Common Address: 9101 S. Stoney Island
              Chicago, IL 60619
PIN#: 25-01-300-053-0000



Doc#: 0407118101
Eugene "Gene" Moore  Fee: $28.50
Cook County Recorder of Deeds
Date: 03/11/2004 01:02 PM  Pg: 1 of 3

PREPARED BY:

J. Russell Lenich
SomerCor 504, Inc.
Two East 8th Street
Chicago, IL 60605

WHEN RECORDED RETURN TO:

J. Russell Lenich
SomerCor 504, Inc.
Two East 8th Street
Chicago, IL 60605

PLEASE LEAVE BLANK ABOVE THIS LINE FOR RECORDERS USE ONLY

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that Assignor, SomerCor 504, Inc. of Chicago, Illinois, in consideration of the indebtedness secured by the mortgage hereinafter mentioned, does hereby sell, assign, transfer and set over to the Small Business Administration, an agency of the United States, the mortgage dated ___3/11/04___, from Sagar Megh Corporation to Assignor, which mortgage conveys the real property described on Exhibit A hereto, and which mortgage is recorded in the Recorder's Office of the County of Cook, State of Illinois, as Document No. __0407118100__, together with all of Assignor's right, title and interest in and to (a) the note, notes, accrued interest and other obligations secured thereby and payable in accordance therewith, and (b) the real estate described therein. The mortgage and the instrument or instruments secured thereby are delivered herewith to Assignee.

Assignor represents and warrants to Assignee that the unpaid principal balance on said mortgage as of today's date is $413,000.00.

IN TESTIMONY THEREOF, SomerCor has caused these presents to be duly executed this __th__ day of __March__, 2004.

SOMERCOR 504, INC.

By: _____
Brian K. Comiskey
Vice President

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

The undersigned, a notary public in and for said County, in the State aforesaid, does hereby certify that Brian K. Comiskey, personally known to me to be the same person whose name is subscribed on the original instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as Vice President of said corporation pursuant to the authority given by the Board of Directors of said corporation as his free and voluntary act and deed of said corporation, for the uses and purposes therein set forth.

Given under my hand and notarial seal this 11th day of March, 2004.

My commission expires 1/6/07.

"OFFICIAL SEAL"
David Frank
Notary Public, State of Illinois
My Commission Exp. 01/06/2007

EXHIBIT A-LEGAL DESCRIPTION

LOTS 15 TO 24 INCLUSIVE IN BLOCK 1 IN STIRNS ADDITION TO STONY ISLAND HEIGHTS BEING A SUBDIVISION OF BLOCK 1, THE NORTH HALF OF BLOCK 12 AND THE SOUTH HALF OF BLOCK 12 (EXCEPT THE EAST 166 FEET THEREOF) IN STONY ISLAND HEIGHTS SUBDIVISION IN THE SOUTHWEST 1/4 OF SECTION 01, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Common Address: 9101 S. Stoney Island
Chicago, IL 60619
PIN#: 25-01-300-053-0000

Sager Megh corp.

| | principal | rate | start date | to date |
|---|---|---|---|---|
| | 316,783.34 | 0.05254 | 06/26/14 | 06/05/17 |

| | daily rate | days | interest |
|---|---|---|---|
| | $ 45.60 | 1,075 | $ 49,019.40 |

Interest at charge off         $ 55,161.72
Interest since charge off   $ 49,019.40
TOTAL INTEREST               $ 104,181.12

TOTAL     $ 420,964.46


EXHIBIT C